Argued March 29, affirmed as modified April 15, 1974

ENGDAHL, *Respondent, v.* ENGDAHL (No. 16,533), *Appellant.*

521 P2d 13

*Harold A. Fabre,* Pendleton, argued the cause for appellant. With him on the brief were Fabre & Ehlers, Pendleton.

*Robert W. Collins,* Pendleton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

SCHWAB, C. J.

The sole issue on this appeal from a modification order is what amount of money the respondent-father should be required to pay to the appellant-mother for the support of the parties' son. The parties were divorced in October of 1970, the mother being awarded custody of their then nine-year-old son. The divorce decree, from which there was apparently no appeal, awarded the mother $12,000 as a property settlement, and $100 per month, plus medical expenses, for the care and support of the child.

At the time of the divorce decree the mother was working as a clerk-typist in Pendleton. Subsequently, the mother moved to Portland with the child where she has enrolled in Portland State University in order to obtain a degree in business administration and a teaching certificate. She contemplates that her projected course of study will require about three years to complete. She expects to support herself during this period by taking part-time employment as a clerk-typist and by using some of her capital. When she moved to Portland she enrolled her son in a private school. The net tuition for the school is approximately $800 per year.

The mother then moved to modify the decree of divorce so as to increase the support payment for the minor child from $100 per month to $250 per month. After hearing the parties the trial court entered an order which provided:

"1. Plaintiff [father] shall, in addition to the support payments set forth in said decree [$100 per month plus medical expenses], pay the [net] tuition fee for Robert Scott Engdahl * * *

"2. Plaintiff shall, in addition to the support payments set forth in said decree, pay for all clothing reasonably needed by and for said Robert Scott Engdahl, upon presentment of proper billings to plaintiff, and

"3. In defendant's acquisition and purchase of sport or athletic clothing or equipment, defendant is directed to first consult with the plaintiff in regard to the advisability and actual need of such sport or athletic clothing or equipment * * *."

As near as we can determine, the above order requires the father to pay about $90 to $100 per month for the support of his child in addition to the $100 per month, plus medical expenses, previously provided for in the initial decree.

The mother on appeal contends that the court should have awarded the full amount she asked for, a total of $250 per month child support. She contends that her move to Portland where she claims living costs are higher than in Pendleton, plus her change from full-time to part-time employment, plus increased educational expenses for the child, plus inflation, constitute a change of circumstances justifying her request. Respondent-father argues alternatively that there has not been a cognizable change of circumstances, and that the lower court's order was sufficient to cover them. In any event, he does not argue that we should set aside the modification order.[1]

---

[1] In fact, the father, while indicating that he was reluctant to see his son leave Pendleton, volunteered to pay for his son's clothing and the private school tuition. His express concern was not over the amount of child support he should pay, but rather that the money he so paid should go for the benefit of his son and not for his former wife's education.

At the time of the divorce the father had substantial assets, a substantial income and a substantial expectancy by way of likely future inheritance. At the time of the hearing on the modification motion his assets and income were approximately the same, as was the status of the potential inheritance. The father's financial position might well have justified a more substantial award of child support at the time of the initial divorce decree. It appears likely that in the future his financial position will further improve, perhaps to the point where it will constitute a change of circumstances which may well justify an increase in child support beyond that which the trial court awarded in the proceedings before us.

But as of now such change of circumstances as has been proven does not warrant an increase beyond what the trial judge did award by the modification order.

We therefore affirm the challenged order except in one respect. The order of the trial judge, rather than setting a fixed amount for support, makes what will possibly be numerous small items of week-to-week maintenance of the child the subject of negotiation between the parties. The record indicates that both parties have displayed a commendably intelligent approach in their attitude toward each other with regard to parental rights and we do not deem it wise to put them in a posture of negotiation which may serve to create frictions which do not now exist. For these reasons we deem it advisable to modify the decree by providing for a fixed amount of child support per month rather than a formula which would produce approximately that amount, but arrived at only as the result of frequent justification and perhaps frequent

negotiation. For these reasons we hold that the order should be modified to simply and only provide for total child support in the amount of $200 per month, plus actual medical expenses, until further order of the court.

Affirmed as modified. No costs to either party.